IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KENNETH B. ROYE,                :

    Plaintiff,               :
vs.                                              CA 05-00024-P-C
                                :
JO ANNE B. BARNHART,
Commissioner of Social Security, :

    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income. This action has been referred to the Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and recommendation, and the parties' arguments at the August 8, 2005 hearing before the undersigned, it is determined that the decision to deny benefits should be reversed and this cause remanded for further consideration not inconsistent with this decision.

Plaintiff alleges disability due to degenerative disc disease, status-post diskectomy and laminectomy, chronic lymphoedema of the right leg, and obesity. The Administrative Law Judge (ALJ) made the following relevant findings:

> 3. The claimant has the following medically determinable severe impairments: degenerative disc disease, status post diskectomy and laminectomy, and chronic lymphoedema of the right leg.
>
> 4. The medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for reasons set forth in the body of the decision.
>
> 6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments.
>
> 7. The claimant has the residual functional capacity to perform sedentary work.
>
> 8. The claimant is unable to perform any of his past relevant work.
>
> 9. The claimant is a "younger individual age 18-44".
>
> 10. The claimant has a high school education.
>
> 11. The claimant has no transferable skills from skilled work previously performed.
>
> 12. The claimant has the residual functional capacity to

perform the full range of sedentary work.

13.   Based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.28.

14.   The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision.

(Tr. 20-21)  The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen,* 810 F.2d 1001 (11th Cir. 1986).   In evaluating whether the claimant has met this burden, the examiner must consider the following four factors:  (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history.  *Id.* at 1005.  Once the claimant meets this burden, as here,  it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy.  *Sryock v. Heckler,* 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the

Commissioner's decision to deny claimant benefits, on the basis that Roye can perform the full range of sedentary work and is therefore not disabled under the grids, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[1]

      The claimant contends that the ALJ committed reversible error by: (1) failing to develop a full and fair administrative record; (2) failing to find that he suffers from the severe impairment of obesity; and (3) rejecting his complaints of severe, disabling pain. Because it is found that the ALJ erred in failing to develop a full and fair record and in failing to address whether Roye's obesity is a severe impairment, this Court need not address the other issue raised by plaintiff. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

---

[1] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir. 1987).

It is clear in this circuit that the Commissioner of Social Security must develop "a full and fair record regarding the vocational opportunities available to a claimant." *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The Commissioner must articulate specific jobs that the claimant can perform given his age, education and work history, if any, "and this finding must be supported by substantial evidence, not mere intuition or conjecture." *See id.* (citation omitted) Exclusive reliance upon the grids is inappropriate, however, "'"either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills."'" *Id*. at 1202 (quoting *Walker, supra,* 826 F.2d at 1002-1003, in turn quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)). Normally, when nonexertional limitations are alleged "the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert." *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *see Francis*, 749 F.2d at 1566 ("The preferred method of demonstrating job availability when the grids are not controlling is through expert vocational testimony"). "It is only when the claimant can clearly do *unlimited* types of [sedentary] work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.'"

*Allen*, 880 F.2d at 1202 (quoting *Ferguson v. Schweiker*, 641 F.2d 243, 248 (5th Cir. Unit A March 30, 1981)).  Where nonexertional impairments are present "[t]he ALJ must '"make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations."'" *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citations omitted).

This case must be remanded to the Commissioner of Social Security for further proceedings, including taking testimony from a vocational expert, because the ALJ failed to make a specific finding that plaintiff does not have nonexertional impairments[2] which significantly limit basic work skills. This error is particularly important in this case since at least one of the severe impairments[3] the ALJ found plaintiff to suffer from, lymph edema of the right leg, logically results in nonexertional limitations, *see Curtis v. Secretary of Health & Human Services*, 880 F.2d 414 (table), 1989 WL 83869, *1 & *4 (6th Cir. 1989) (unpublished opinion) (after two cervical laminectomies the

---

[2] "A nonexertional impairment is one which is medically determinable and causes a nonexertional limitation of function or an environmental restriction." SSR 85-15.

[3] The Commissioner's regulations recognize that a severe impairment is one which significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920 (c) (2003).

claimant had swelling of the right arm due to disruption of the lymph flow through the axilla; this massive edema was regarded by the court as a nonexertional impairment resulting in an inability to perform any lifting with the right arm and also resulting in a limited ability to make motions with the right shoulder and elbow), and the impairment the ALJ wholly failed to address, Roye's morbid obesity (Tr. 130; *see also* Tr. 34), is certainly a nonexertional impairment, *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997) ("Obesity is also a nonexertional impairment which might significantly restrict a claimant's ability to perform the full range of sedentary work."); *Evans v. Chater*, 84 F.3d 1054, 1056 (8th Cir. 1996) ("The record reveals that Evans now suffers, and has suffered for some time, from significant nonexertional impairments: hypertension, obesity, pain, and atherosclerotic heart disease."), as is plaintiff's pain, *Foote, supra*, 67 F.3d at 1559 ("Pain is a nonexertional impairment."); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1242 n.11 (11th Cir. 2004) ("Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include mental limitations, **pain** limitations, and all physical limitations that are not included in the seven strength demands."). Given the evidence of nonexertional impairments in this case and the ALJ's total failure to make a finding required in this circuit regarding whether those nonexertional limitations significantly impact the claimant's ability to perform

the full range of sedentary work, this case need be remanded to the Commissioner of Social Security in order that she may obtain the services of a vocational expert to identify what sedentary jobs, if any, plaintiff can perform in light of his exertional and nonexertional impairments and limitations.

In addition, there can be no doubt that ALJs routinely find a claimant's obesity to be a severe impairment. *See, e.g., Hodges v. Barnhart*, 276 F.3d 1265, 1268 (11th Cir. 2001) ("Though noting that Hodges had a 'severe impairment' based on her borderline intellectual functioning, depression, chronic low back pain, **obesity**, and early chronic obstructive pulmonary disease, the ALJ decided that these impairments did not meet or equal the criteria of any section of the Listing of Impairments under the Social Security Act that would permit a finding that Hodges was disabled."); *Walker, supra*, 826 F.2d at 998 ("The medical evidence establishes that claimant has severe arthrodesis of the left ankle secondary to aged surgical fusion due to gunshot wound, and **obesity**, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4."). Consequently, on remand, the ALJ should specifically address Roye's morbid obesity (Tr. 130; *see also* Tr. 34), explain his reasons regarding whether or not this is a severe impairment, *compare Hodges* and

*Walker*, *supra, with McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) ("Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected."), particularly in light of the clear relationship between Roye's obesity and his lymph edema, and consider the effects of this impairment on the claimant's residual functional capacity, *see* SSR 00-3p ("[The provisions] also instruct adjudicators to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity.").

## **CONCLUSION**

The Magistrate Judge recommends that the decision of the Commissioner of Social Security denying plaintiff benefits be  be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

The attached sheet contains important information regarding objections

to the report and recommendation of the Magistrate Judge.

**DONE** this the 12th day of August, 2005.

s/WILLIAM E. CASSADY<br>
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.    *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)©); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                                s/WILLIAM E. CASSADY
                                                                UNITED STATES MAGISTRATE JUDGE

11